## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    NO. 97-CR-0485 (SS) |
| | )    Title 18 U.S.C. § 1018 |
| HENRY G. CISNEROS | )    False Statement |



**FILED**

**SEP 07 1999**

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

### SUPERSEDING INFORMATION

1.    In November 1992, a Memorandum of Understanding ("MOU") was entered into by President-Elect William Jefferson Clinton, then-Transition Team director Warren Christopher, and then-Attorney General William Barr. Defendant Henry G. Cisneros ("CISNEROS") underwent a full-field Level I Background Investigation for the position of Secretary of Housing and Urban Development, which was conducted by the Federal Bureau of Investigation ("FBI").

2.    The MOU was executed pursuant to the Presidential Transition Act of 1963. The PTA's purpose was "to promote the orderly transfer of the executive power in connection with the expiration of the term of office of a President and the inauguration of a new President."

3.    As part of the Background Investigation, defendant CISNEROS was interviewed by the FBI on December 30, 1992.

4.    On or about January 7, 1993, defendant CISNEROS was interviewed a second time by the FBI.

5.    That interview took place pursuant to a January 7, 1993 directive issued by the SPIN unit of the FBI.

6.    The January 7, 1993 directive instructed agents of the FBI to recontact defendant

**SUPERSEDING**

CISNEROS.  The agents were instructed to reinterview defendant CISNEROS, and address among other things the issues relating to his financial relationship with Linda Medlar.

7.    The January 7, 1993 interview took place at the Presidential Transition Office, located at 1120 Vermont Avenue, Northwest, Washington, D.C.

8.    On or about January 7, 1993, in the District of Columbia, during an interview with Special Agents of the Federal Bureau of Investigation,

HENRY G. CISNEROS,

the defendant, a person authorized by law to make a writing, knowingly induced/caused a public officer, an FBI agent, to make and deliver a writing that contained a statement that the defendant knew to be false, which statement the FBI agent did not know was false, all in a case where the punishment thereof is not elsewhere expressly provided by law.  The defendant knowingly and falsely stated to the FBI agent that he had made monthly payments to Linda Medlar of approximately $2,500 at a time, which statement was encompassed in an FBI memorandum of interview, when in truth and in fact, the defendant paid Linda Medlar in excess of $2,500 at a time during the years 1990, 1991, and 1992,

in violation of 18 U.S.C. § 1018.
False Statement

OFFICE OF INDEPENDENT COUNSEL


DAVID M. BARRETT
Independent Counsel
Office of Independent Counsel
1990 K Street, N.W., Suite 420
Washington, D.C. 20006
(202) 974-5440

Dated: Sept 1, 1999