PENGAD-Bayonne, N. J.

Court
Exh.
#1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,  )
)
Plaintiff,  )
)
v.  )  NO. 97-CR-0485 (SS)
)
HENRY G. CISNEROS,  )
)
Defendant,  )
)

**FILED**

**SEP 07 1999**

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

## PLEA AGREEMENT

Pursuant to Federal Rules of Criminal Procedure 11(e)(1)(A) and (C), Henry G. Cisneros ("the defendant") and the United States of America, through its representative, the Office of Independent Counsel -- David M. Barrett ("United States"), agree as follows:

1.      The defendant will waive indictment and plead guilty to a one-count misdemeanor information charging a violation of 18 U.S.C. 1018, as set forth in the attached Information at Tab 1 ("the Information").

2.      The defendant will waive the applicable 5-year statute of limitations with respect to the misdemeanor offense charged in the Information.

3.      The parties agree that the offense charged in the Information is a Class A misdemeanor.

4.      The agreed factual basis for the Information is appended hereto at Tab 2.

5.      The parties agree that the FBI has the authority to make and deliver reports of interview.

6.      The parties agree that the Sentencing Guidelines permit the imposition of a fine as

the sentence for a violation of 18 U.S.C. § 1018.

7.    The parties agree that a fine of $10,000 for this offense will be imposed. Said fine will be paid on the day of sentencing. In addition to the foregoing fine, a special assessment of $25 will be imposed pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii) and paid on the day of sentencing. The parties further agree that no imprisonment, probation, forfeiture, or other penalty is appropriate and that none will be imposed as part of the sentence in this case.

8.    The United States agrees that no alternative fine shall be imposed under 18 U.S.C. § 3571.

9.    The United States agrees that the statute does not require and it will not seek a restitution order with respect to the misdemeanor charged in the information.

10.    The parties agree that no presentence report is necessary or required, and that sentencing can proceed at the time the plea of guilty to the Information is entered.

11.    The defendant, upon being fully advised by counsel about his rights, knowingly and intelligently waives any right (a) to appeal the judgment of conviction to be entered in this case or (b) to pursue any action to collaterally attack the judgment of conviction to be entered in this case.

12.    The United States agrees to move to dismiss, with prejudice, all counts against the defendant in Indictment No. 97-CR-485 (SS) (returned on December 11, 1997) at the time of sentencing.

13.    The United States will file no further criminal charges against the defendant arising from any act or omission committed prior to the date of this Plea Agreement that is or was known to the United States or that is or was the subject of any pending or preceding

2

investigation of the defendant.

14.     This plea agreement is made pursuant to Federal Rules of Criminal Procedure 11(e)(1)(A) and (C) and is intended to be binding on the Court. If the Court does not accept this agreement when it is offered, the agreement shall become null and void and none of its terms and conditions will be binding on either party.

DATED: _____, 1999

Respectfully submitted,

OFFICE OF INDEPENDENT COUNSEL

DAVID M. BARRETT
Independent Counsel
Office of Independent Counsel
1990 K Street, N.W. Suite 420
Washington, D.C. 20006
(202) 974-5440

3

Agreed and consented to:

HENRY G. CISNEROS

Approved by:

BRENDAN V. SULLIVAN, JR.
Williams & Connolly
725 12th St., N.W.
Washington, D.C. 20005
(202) 434-5000
Counsel to Henry G. Cisneros

**AGREED FACTUAL BASIS**

1.      On January 7, 1993 in the District of Columbia, the defendant Henry G. Cisneros was interviewed by an FBI agent.

2.      FBI agents are public officers who have the authority to prepare and deliver reports of interviews.

3.      During the January 7, 1993 interview, Mr. Cisneros, a person authorized by law to make a writing, knowingly induced/caused the FBI agent to make and deliver a writing that the defendant knew to be false.

4.      During the January 7, 1993 interview, Mr. Cisneros stated that he had made monthly payments to Linda Medlar of approximately $2,500 at a time.  This statement was false and Mr. Cisneros knew that this statement was false.  In truth and in fact, the defendant Cisneros paid Linda Medlar in excess of said $2,500 as aforesaid in 1990, 1991, and 1992.

5.      The defendant Cisneros never disclosed to the FBI agent that the statement was false.

6.      Cisneros knew that the false statement referred to in ¶ 4 above, would be included in a report of interview by the interviewing FBI agent that was to be delivered by the FBI to appropriate personnel.

PENGAD-Bayonne, N. J.

Court
Exh
# 2